CITY OF ROCKWOOD v STATE BOUNDARY COMMISSION

1. Municipal   Corporations—Boundary   Commission—Incorporation—Annexation—Statutes.

   The statute governing annexations which mandates the precedence of the petition first filed applies only to petitions for annexation proceedings filed with a County Board of Supervisors (Commissioners) or petitions for incorporation or consolidation proceedings filed with the Boundary Commission (MCLA 123.1006).

2. Municipal Corporations—Incorporation—Annexation—Boundary Commission.

   The State Boundary Commission is not barred by any provision of the home rule cities act or the state boundary commission act from acting on a city's annexation resolution while an inactive five-year-old incorporation petition is pending before the County Board of Supervisors (Commissioners) because there is no provision in either of the acts to prevent one of the two bodies from proceeding simply because the petition and resolution affect the same property (MCLA 117.8, 117.9[2], [7(a)], [11]).

Original action in the Court of Appeals. Submitted Division 2 January 5, 1973, at Lansing. (Docket No. 13672.) Decided February 23, 1973.

Complaint by the City of Rockwood against the State Boundary Commission for mandamus to compel defendant to act upon an annexation petition. Mandamus granted.

*Burley, Smiertka & Swank, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D.*

Reference for Points in Headnote
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 70 *et seq.*

*Hackney,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

C. J. BYRNS, J. In this original action, plaintiff City of Rockwood seeks mandamus to compel the defendant State Boundary Commission to act upon an annexation petition filed by the city. The pertinent facts are undisputed.

In 1967, three petitions were filed with the Wayne County Board of Supervisors (now Commissioners) for the incorporation as cities of certain portions of Brownstown Township, located in western Wayne County. No action has been taken by the board of commissioners on any of these petitions.[1]

On April 7, 1971, pursuant to a resolution adopted by the city council, the City of Rockwood initiated annexation of 350 acres of land situated in Brownstown Township, just east of the city, by filing an annexation resolution with the defendant State Boundary Commission. MCLA 117.9(7[a]),[2] (11);[3] MSA 5.2088(7[a]), (11), as amended, 1970 PA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] At oral argument, we were presented with a letter from the corporation counsel to the board of commissioners, which recommends that the said three petitions be stricken from the files on the grounds that the failure of petitioners "to pursue the matter and to seek to have the petitions acted upon or in the alternative to seek mandamus in the circuit court amounts to abandonment of the petitions".

[2] In relevant part, MCLA 117.9(7); MSA 5.2088(7) provides:

"(7) In addition to the methods for initiating annexation as provided in this act, a petition or resolution as follows may be submitted to the state boundary commission in a form and manner prescribed by it:

(a) By resolution of the legislative body of the city to which the area is proposed to be annexed."

[3] MCLA 117.9(11); MSA 5.2088(11) declares:

"(11) On and after the effective date of the 1970 amendments to this

219, effective April 1, 1971.

A portion of the 350 acres sought to be annexed is the subject of at least one of the three incorporation petitions aforementioned.

In November, 1971, the Executive Secretary of the State Boundary Commission informed the city that the commission would not act on the annexation petition, on the ground that the commission has no jurisdiction to act on such petitions where the property concerned is the subject of an incorporation petition filed with a county board of commissioners prior to the date on which the Boundary Commission was granted power to adjudicate territorial annexations, *viz.,* by 1970 PA 219, effective April 1, 1971.

The State Boundary Commission was created in 1968, 1968 PA 191, MCLA 123.1001 *et seq.;* MSA 5.2242(1) *et seq.,* and has consistently viewed its powers as prospective only, from and after November 15, 1968, the effective date of PA 191. Hence, incorporation petitions on file with county boards of supervisors or commissioners prior to November 15, 1968, in conformity with the home rule cities act, the applicable preexisting law, 1909 PA 279; MCLA 117.1 *et seq.;* MSA 5.2071 *et seq.,* but not finally processed as of that date, have been regarded by the Boundary Commission as remaining within the jurisdiction of the county boards until final disposition thereof by those boards.

In so construing its jurisdiction the Boundary Commission relies on § 7 of the state boundary commission act, MCLA 123.1007; MSA 5.2242(7), which provides in pertinent part:

section, and so long as Act No. 191 of the Public Acts of 1968 is in effect, annexation of territory from a township or village to a home rule city shall be as provided in this section and no other means of annexation shall be effective."

"Proceedings for the incorporation of municipalities under this act shall be initiated in the manner prescribed * * * in Act No. 279 of the Public Acts of 1909, [the home rule cities act] as amended, being sections 117.1 to 117.38 of the Compiled Laws of 1948, for incorporation of cities, except that henceforth all petitions for incorporation required by those acts to be filed with the board of supervisors or the secretary of state shall be filed with the commission and the commission shall exercise the powers and carry out the duties of the board of supervisors and the secretary of state in relation to such incorporations but, except as specifically otherwise provided in this act, all incorporations under this act shall be subject to the provisions of * * * Act No. 279 of the Public Acts of 1909, as amended * * * . While this act is in effect no other means of incorporation of a city * * * shall be effective."

Thus, proceedings for incorporation must generally be initiated in conformity with the provisions of the home rule cities act, with the exception that after November 15, 1968, all petitions for incorporation required by the act to be filed with the board of supervisors or the Secretary of State shall be filed with the commission. Consequently, this section strongly indicates that incorporation proceedings begun before the commission existed remain within the jurisdiction of the county boards.

Accordingly, the Boundary Commission takes the position that it is prohibited from acting on plaintiff's annexation petition by § 6 of the act which engendered it. MCLA 123.1006; MSA 5.2242(6) directs:

"Except as otherwise provided in this act, the commission shall process all petitions in the order in which they are filed and shall finally dispose of a petition before taking up any other petitions which deal with all or any part of the same territory. With respect to petitions for annexation proceedings filed with the

board of supervisors or petitions for incorporation or consolidation proceedings filed with the commission, covering all or any part of the same territory, the petition first filed shall be processed before and take precedence over a petition subsequently filed."

This section, as we construe it, does not apply to the situation presented by the case at bar.

The last part of § 6 clearly applies only to annexation petitions filed with a board of supervisors.[4] However, in the instant case, the petition for annexation has been properly filed with the commission.

Section 6 also deals with incorporation or consolidation petitions filed with the commission. Again, that is not the situation extant in the present case. Here, the three incorporation petitions were all filed with the Wayne County Board of Supervisors.

In other words, the second sentence of § 6, which furnishes the sole grounds on which the Boundary Commission declines to process the City of Rockwood's annexation resolution, is addressed to situations not involved in the case at bar. Thus, the Boundary Commission is not justified in refusing to process plaintiff City of Rockwood's annexation petition.

To reiterate, we have a case wherein (1) the incorporation petitions are within the jurisdiction of the Wayne County Board of Supervisors, MCLA 117.8, MSA 5.2087, and (2) the annexation resolution is within the jurisdiction of the Boundary Commission; MCLA 117.9(2), (7[a]), (11); MSA 5.2088(2), (7[a]), (11). But there appears to be no provision in either the home rule cities act or the state boundary commission act which would serve to prevent one of the two bodies having jurisdiction over the respective matters (the Wayne

---

[4] Now commissioners.

County Board of Supervisors and the Boundary Commission) from proceeding simply because the petitions and resolution affect the same property.

Therefore, a writ of mandamus will issue, ordering the State Boundary Commission to act on the City of Rockwood's annexation resolution. The fact that the writ issues is not to be construed as directing the commission to act favorably or unfavorably on the resolution. The merits of the resolution are exclusively within the realm of the commission, subject to such judicial review as is available in due course *after* the commission has acted one way or the other. All we decide is that the commission is not barred by any provision of the home rule cities act or the state boundary commission act from acting on the City of Rockwood's annexation resolution while an inactive, five-year-old incorporation petition is pending before the Wayne County Board of Supervisors.

So ordered.

All concurred.